**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 21-cv-0097-WJM-GPG

SAGOME, INC. d/b/a/ L'HOSTARIA,

     Plaintiff,

v.

THE CINCINNATI INSURANCE COMPANY,

     Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant Cincinnati Insurance Company's

("Defendant") Motion to Dismiss Plaintiff Sagome, Inc.'s ("Plaintiff") Complaint ("Motion")

(ECF No. 21).  For the following reasons, the Motion is granted.

**I. BACKGROUND**

The following facts are taken from Plaintiff's Complaint and are assumed true for

the purpose of resolving the Motion.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493

F.3d 1174, 1177 (10th Cir. 2007).

This action arises out of Plaintiff's property insurance policy with Defendant (the

"Policy").  (ECF No. 1-1.)  Plaintiff, a restaurant in Aspen, Colorado, seeks insurance

coverage for financial losses incurred in connection with the COVID-19 pandemic.  (*Id.*)

Specifically, Plaintiff alleges that it sustained business income losses as a result of

measures that the Colorado state government imposed in response to the pandemic,

such as restrictions on restaurant services to delivery and takeout options only and reduction in restaurant capacity.  (*Id.* ¶¶ 33–60.)

On December 10, 2020, Plaintiff initiated this action in Colorado state court. (ECF No. 1-1.)  Defendant removed the action on January 13, 2021.  (ECF No. 1.) Plaintiff brings a total of four claims: (1) breach of contract; (2) bad faith breach of insurance contract; (3) violation of Colorado Revised Statute § 10-3-1115; and (4) declaratory judgment that its losses are insured under the Policy and that Defendant is obligated to compensate Plaintiff for such losses.  (ECF No. 3 ¶¶ 99–122.)

Defendant filed its Motion on January 27, 2021.  (ECF No. 21.)  Plaintiff responded on March 3, 2021, and Defendant replied on March 17, 2021.  (ECF Nos. 24 & 25.)

On September 3, 2021, Plaintiff filed an unopposed Motion to Stay Proceedings, seeking to stay this proceeding pending resolution of a motion to certify a question of state law in a factually similar action pending before United States District Judge Regina M. Rodriguez.[1]  (ECF No. 39; ECF No. 39-1; *see also Monarch Casino & Resort, Inc. v. Affiliated FM Ins. Co.*, 20-cv-1470-RMR.)  On September 17, 2021, Judge Rodriguez denied the motion to certify.  *See Monarch*, 20-cv-1470-RMR at ECF No. 59.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-

---

[1] The question in *Monarch* is presented as follows: "Does the presence of COVID-19 at an insured location constitute physical loss or damage for the purposes of a property insurance policy?"  (ECF No. 39-1 at 5.)

pleaded factual allegations and view them in the light most favorable to the plaintiff."
*Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive
inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is
plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously
studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect
the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir.
2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed
even if it strikes a savvy judge that actual proof of those facts is improbable, and that a
recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A.      Motion to Stay

Plaintiff seeks to stay this action pending resolution of a motion to certify a
question of state law in a proceeding in this District pending before Judge Rodriguez.
(ECF No. 39.)  Because Judge Rodriguez denied the motion to certify, and Plaintiff
asserts no alternative basis for a stay, the Motion to Stay is denied as moot.

#### B.      Motion to Dismiss

Defendant seeks dismissal of the Complaint in its entirety pursuant to Rule
12(b)(6).  (ECF No. 21.)  Specifically, Defendant contends that Plaintiff does not allege
that it has suffered physical loss of or damage to its property as is required for coverage
under the Policy.  (*Id.* at 6–13.)

Plaintiff argues that COVID-19 exposure constitutes physical damage to property
because the virus can exist on surfaces in the restaurant.  (ECF No. 24 at 4.)  It further

notes that the Policy does not specifically exclude viral contamination from covered losses.  (*Id.* at 4–5.)  Plaintiff heavily relies on the Policy's purported failure to define "physical loss" and "physical damage," contending that the plain and ordinary meaning of the word "physical" is not limited to permanent or structural impact on property.  (*Id.* at 5, 7–8.)

Although Colorado courts have not yet addressed the issue of whether COVID-19 exposure qualifies as physical damage to property so as to implicate insurance coverage, dictionaries define "physical" as relating to "material things."  *Physical*, Black's Law Dictionary (11th ed. 2019).  Courts have construed this definition in the insurance policy context to require a tangible alteration to the structure of the property at issue.  *See Mama Jo's, Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 879 (11th Cir. 2020) (finding potential COVID-19 contamination not direct physical loss because property "that merely needs to be cleaned has not suffered a 'loss' which is both 'direct' and 'physical'"); *Promotional Headwear Int'l v. The Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1200–01 (D. Kan. 2020) (stating that the majority of cases hold that "'direct physical loss or damage' to property requires some showing of actual or tangible harm to or intrusion on the property itself").  Numerous courts throughout the nation— including those within the Tenth Circuit—have held that potential contamination by the COVID-19 virus does not constitute physical damage as contemplated by insurance policy language.  *See, e.g.*, *Till Metro Entm't v. Covington Specialty Ins. Co.*, — F. Supp. 3d — , 2021 WL 2649479, at *7 (N.D. Okla. June 28, 2021); *Promotional Headwear*, 504 F. Supp. 3d at 1200–01; *Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 499 F. Supp. 1098, 1103–04 (W.D. Okla. 2020).  Defendant provides

4

as supplemental authority over 70 cases holding that shutdowns and restrictions related to COVID-19 do not entitle an insured to payment because the potential for infection is not physical loss or damage to property.  (ECF No. 21 at 7, 9 n.8; ECF No. 31 at 1–2; ECF No. 37 at 2–3.)

In support of its position, Plaintiff relies on *Western Fire Insurance Company v. First Presbyterian Church*, in which the Colorado Supreme Court found that a church's saturation with gasoline constituted direct physical damage.  437 P.2d 52, 56 (Colo. 1968).  Plaintiff also notes the Tenth Circuit's application of *Western Fire* to a case involving corrosion of the roof of a school where "only a small portion of the roof had collapsed."  (ECF No. 24 at 10–11; *see also Adams-Arapahoe Joint Sch. Dist. v. Continental Ins. Co.*, 891 F.2d 772, 773–74 (10th Cir. 1989).)  Both cases, however, are easily distinguishable because they involved contamination by a physical substance or alteration of the structure of the building insured.  *Id.* at 55–56.  Moreover, the few cases Plaintiff cites which held that COVID-19 constituted physical damage to property are from other Circuits and are largely distinguishable as well.  (*See* ECF No. 24-2 at 19–24 (finding COVID-19 may constitute physical damage where state supreme court previously held that physical damage need not be tangible); *see also Henderson Road Rest. Sys., Inc. v. Zurich Am. Ins. Co.*, 513 F. Supp. 3d 808, 820–21 (Jan. 19, 2021) (finding coverage where policy at issue did not limit coverage to "physical loss" and distinguishing cases with such policy language).).

The overwhelming majority of courts to address the issue have determined that potential viral contamination is not physical damage, given that it does not alter the structure of the insured property.  *See Goodwill Indus.*, 499 F. Supp. 3d at 1103

(collecting cases).  The Court can discern no reason to deviate from such conclusion,

and similarly finds that COVID-19 contamination is not physical damage as covered by

the Policy.

Plaintiff also argues that civil authority coverage applies to its losses because

surrounding premises were exposed to COVID-19, resulting in state-mandated

cessation of business operations.  (ECF No. 24 at 14.)  Specifically, the Policy provides

for coverage where civil authority orders: (1) prohibit access to the "premises" due to (2)

direct physical "loss" to property, other than at the "premises" caused by or resulting

from any Covered Cause of Loss.  (ECF No. 21-1 at 35, 38.)

Plaintiff fails to establish entitlement to civil authority coverage because no

neighboring properties suffered physical loss triggering coverage under the Policy.[2]

*See Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 488 F. Supp. 3d 690, 694 (N.D. Ill.

2020) (rejecting civil authority coverage because COVID-19 did not cause direct

physical loss to property).  As Plaintiff fails to plausibly allege physical loss or damage

to property as required for coverage under the Policy, it cannot state a claim for breach

of contract.  Claim One is therefore dismissed.

Additionally, because Plaintiff fails to allege facts suggesting that the Policy

covers its claimed loss, it cannot state a claim for bad faith breach of insurance contract.

---

[2] To the extent that Plaintiff argues that the shutdown time constituted a "period of restoration" for which it may be compensated for business income losses, such argument is also unavailing, as courts have held that where there is no physical loss of or damage to property, there is no period of restoration for which a claimant can be compensated, and, in the context of accommodations relating to COVID-19, physical alterations are not qualifying physical damage. *See, e.g.*, *Mikmar, Inc. v. Westfield Ins. Co.*, 2021 WL 615304, at *5 (N.D. Ohio Feb. 17, 2021); *Drama Camp Prods., Inc. v. Mt. Hawley Ins. Co.*, 2020 WL 8018579, at *7 (S.D. Ala. Dec. 30, 2020) (collecting cases); *El Novillo Rest. v. Certain Underwriters at Lloyd's, London*, 2020 WL 7251362, at *6 (S.D. Fla. Dec. 7, 2020).

*See Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 228 (Colo. App. 2002) (stating that to prevail on a claim for bad faith, a claimant must show that a duty of coverage was owed under the relevant policy).   Accordingly, Claim Two is also dismissed.

Finally, because Plaintiff fails to plausibly allege a duty of coverage given the lack of physical damage to property, it is not entitled to relief under § 10-3-1115, and its declaratory judgment claim fails as well.   *See* Colo. Rev. Stat. § 10-3-1115 (prohibiting the unreasonable denial or delay of payment of a claim for benefits to a first-party claimant).   Claims Three and Four are therefore also dismissed.

## C.      Futility of Amendment

Dismissal of an action is a harsh remedy, and a court may liberally grant a litigant leave to cure pleading deficiencies.   *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).   Such leave is not to be granted, however, where amendment would be futile.   *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014).   "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017).

Because the potential existence of COVID-19 particles on the surfaces of Plaintiff's property does not constitute physical loss of or damage to such property as contemplated by the Policy, Plaintiff has not plausibly alleged that Defendant owed it a duty of coverage.   As the lack of a duty of coverage renders all of Plaintiff's claims untenable, amendment would be futile, and the Court will dismiss the Complaint with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Motion to Stay (ECF No. 39) is DENIED AS MOOT;

2.      Defendant's Motion to Dismiss (ECF No. 21) is GRANTED;

3.      Plaintiff's Complaint (ECF No. 3) is DISMISSED WITH PREJUDICE;

4.      The Clerk shall enter judgment in favor of Defendant Cincinnati Insurance

        Company and against Plaintiff Sagome, Inc. d/b/a L'Hostaria and shall terminate

        this case; and

5.      Defendant shall have its costs upon the filing of a bill of costs in accordance with

        the procedures under Federal Rule of Civil Procedure 54(d) and

        D.C.COLO.LCivR 54.1.


        Dated this 21st day of September, 2021.

                                                          BY THE COURT:

                                                          _____
                                                          William J. Martinez
                                                          United States District Judge